UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KARL F. VINSON,

                Petitioner,                      Case No. 14-cv-14542

v                                                Honorable Thomas L. Ludington

THOMAS MACKIE,

                Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO SEAL
AND DENYING PETITIONER'S MOTION TO STRIKE**

Petitioner Karl Vinson, presently confined at the Carson City Correctional Facility in Carson City, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed through his attorneys, David A. Moran and Imran J. Syed of the Michigan Innocence Clinic, petitioner challenges his conviction for first-degree criminal sexual conduct (CSC), Mich. Comp. Laws § 750.520(b)(1)(a)(victim under 13 years of age), and breaking and entering a building with the intent to commit a felony (CSC) therein, Mich. Comp. Laws § 750.110.

On April 13, 2016 Respondent filed a motion to seal Petitioner's psychological records from prison. *See* ECF No. 7. Then, on April 19, 2016 Petitioner has moved to strike the Respondent's answer on the ground that it contains references to Petitioner's prison psychological report. *See* ECF No. 8. In the report, Petitioner admits to sexually molesting the victim in this case on other occasions.

**I.**

Petitioner's motion to strike references to the report will be addressed first. Petitioner claims that references to his post-conviction confessions are barred by the Supreme Court case of *Cullen v. Pinholster*, 563 U.S. 170 (2011), in which the United States Supreme Court held that habeas review under 28 U.S.C. §2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Id*. at 181. However, the *Pinholster* Court indicated that it was not completely barring parties from presenting evidence during a federal habeas action that had not been previously presented to the state courts. For example, federal habeas courts still have the discretion to consider new evidence "when deciding claims that were not adjudicated on the merits in state court." *Id.* at 186; *see also Ballinger v. Prelesnik*, 709 F.3d 558, 562 (6th Cir. 2013).

While neither the Supreme Court nor the Sixth Circuit have yet resolved the issue, lower courts that have addressed the question have unanimously held that *Pinholster's* limitation on new evidence does not apply to claims of actual innocence, especially when it is used to excuse a procedural default of another claim. *See, e.g., Clemmons v. Warden, Lebanon Correctional Institution*, No. 11-465, 2012 WL 4811122, at *8 (S.D. Ohio, Oct. 10, 2012) ("*Pinholster* does not by its own terms apply to the actual innocence exception to . . . procedural default . . . . The premise of the actual innocence exception is that the habeas petition is presenting new evidence not considered by the state courts."); *Pettus-Brown v. Warden, Correctional Reception Center*, No. 14-292, 2015 WL 422557, at *1 (S.D. Ohio, Feb. 2, 2015) ("A claim of actual innocence offered to excuse procedural default is not a substantive claim for habeas relief but a 'gateway' claim and therefore not subject to the *Pinholster* restrictions."); *Washington v. Beard*, 07-3462, 2012 WL 1033526, at *4 (E.D. Pa. Mar. 28, 2012) (finding that *Pinholster* did not bar a federal court from considering new evidence supporting a freestanding actual innocence claim that had

not been decided on the merits in the state courts or a gateway actual innocence claim); *High v. Nevens*, No. 11-00891, 2013 WL 1292694, at *9 (D. Nev. Mar. 29, 2013) ("The rule in *Pinholster* of course has no bearing whatsoever on . . . non-merits factual development, under *Schlup* or otherwise."); *Hazel v. Warden, Chillicothe Correctional Institution*, No. 13-332, 2014 WL 4076152, at *25 (S.D. Ohio, Aug. 15, 2014) ("*Pinholster* does not prevent the Court from considering newly tendered evidence on a claim of actual innocence.").

In the alternative, Petitioner argues that references to his post-conviction admissions to sexually molesting the victim should be stricken pursuant to Rule 12(f) because they are an "immaterial, impertinent, or scandalous matter." This argument is without merit. Because Petitioner has raised a claim of actual innocence, evidence that he admitted to sexually molesting the victim on other occasions is relevant to adjudicating that claim. *See* Fed. R. Evid. 413(a) ("In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation."). Petitioner's motion to strike will be denied.

**II.**

Having determined that Petitioner's motion to strike is without merit, Respondent's motion to seal will be addressed. A federal court has the power to seal records when the interests of privacy outweigh the public's right of access to those records. *See Ashworth v. Bagley,* 351 F. Supp. 2d 786, 789 (N.D. Ohio 2005) (internal citation omitted). Because the psychological records contain confidential information, Respondent's motion to seal will be granted.

**III.**

Accordingly, it is **ORDERED** that Respondent's motion to seal, ECF No. 7, is **GRANTED**.

- 4 -

It is further **ORDERED** that Petitioner's motion to strike, ECF No. 8, is **DENIED**.

                                                            s/Thomas L. Ludington
                                                            THOMAS L. LUDINGTON
                                                            United States District Judge

Dated: November 8, 2016

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 8, 2016.

                                    s/Michael A. Sian
                                    MICHAEL A. SIAN, Case Manager